**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CIAN BYRD,**

*Petitioner*,

v.

**TODD BLANCHE, *et al.***,

*Respondents*.

No. 26-cv-11885

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 4); and

**WHEREAS**, Petitioner is a native and citizen of Ireland who first entered the United States on or about September 19, 1991, on a B-2 non-immigrant "Visitor for Pleasure" visa, with authorization to remain in the United States for a temporary period not to exceed March 17, 1992. (ECF No. 6-1 at 3). Petitioner again entered the United States under the Visa Waiver Program ("VWP") on or about November 17, 2010, with authorization to remain in the United States for a temporary period not to exceed February 15, 2011. (*Id.*). Petitioner has resided in the United States since 2010. (ECF No. 4 at ¶ 1); and

**WHEREAS**, on or about March 3, 2017, Petitioner adjusted to conditional permanent resident ("CPR") status under the Immigration and Nationality Act, 8 U.S.C. § 1186a, as the spouse of a United States citizen.[1] (ECF No. 6-2); and

**WHEREAS**, on or about January 27, 2020, the Department of Homeland Security

[1] Petitioner's CPR status was later terminated on or about March 4, 2019. (ECF No. 6-2).

("DHS") issued to Petitioner a Notice to Appear in immigration court in New York, New York. (*Id.*); and

**WHEREAS**, on or about August 23, 2022, Petitioner was arrested by the New York City Police Department. (ECF No. 6-3 at 3); Petitioner ultimately pled guilty to one count of Forcible Touching-Intimate Parts in violation of N.Y. PENAL LAW § 130.52.[2] (*Id.* at 6); and

**WHEREAS**, on or about May 25, 2023, an immigration judge ordered Petitioner removed *in absentia*. (ECF No. 6-1 at 3). On or about September 8, 2026, Petitioner filed a Motion to Reopen his removal order. (ECF No. 4 at ¶ 57; ECF No. 6 at 2 & n.2); and

**WHEREAS**, on September 3, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers at Newark Liberty International Airport as Petitioner prepared to board a domestic flight. (ECF No. 4 at ¶ 1); and

**WHEREAS**, following Petitioner's arrest, ICE issued a VWP Notice of Intent to Issue a Final Administrative Removal Order, which alleged that Petitioner remained in the United States beyond February 15, 2011, without authorization. (ECF No. 6-5 at 9). ICE issued the Final Administrative Removal Order, and Petitioner has challenged that Order before the Third Circuit. *See* Pet. Mot., Dkt. No. 26-3261 (3d Cir. Sept. 8, 2026). ICE has since conceded that the Final Administrative Removal Order was issued in error. (ECF No. 6 at 2); and

**WHEREAS**, Petitioner is presently detained at Elizabeth Detention Facility in Elizabeth, New Jersey. (ECF No. 4 at ¶ 1). ICE holds his passport. (*Id.*); and

**WHEREAS**, on September 12, 2026, this Court issued a no transfer order. (ECF No. 3); and

[2] The government does not claim that this criminal history, for which it admits it has no further information, (ECF No. 6 at 2 n. 1), warrants mandatory detention, and this Court makes no findings in that regard.

**WHEREAS**, on September 12, 2026, Petitioner filed the instant Petition, alleging that he was unlawfully detained without a valid removal order, (ECF No. 4 at ¶¶ 59–67), and without any individualized custody determination. (*Id*. at ¶¶ 69–72). Petitioner further alleges that his detention is wholly without any statutory authority. (*Id*. at ¶¶ 81–87); and

**WHEREAS**, this Court issued an order for Petitioner's immediate release or, in the alternative, that Respondents file a letter on the docket by September 15, 2026, addressing whether Petitioner: (1) has a criminal history warranting mandatory detention under 8 U.S.C. § 1226(c); (2) is subject to a final order of removal; or (3) was initially detained pursuant to 8 U.S.C. § 1226(a) and afforded a bond hearing. (*See* ECF No. 5); and

**WHEREAS**, on September 15, 2026, Respondents filed their response, arguing that Petitioner's detention is lawful under 8 U.S.C. § 1231(a) and that any *Zadvydas* challenge is premature because Petitioner had only then been detained for twelve (12) days. (*See* ECF No. 6 at 1–2). Respondents concede that the Final Administrative Removal Order was entered in error. (*See id*. at 2). Respondents now argue that the 2023 *in absentia* order is the operative removal order in this matter, and, as such, Petitioner's detention arises under § 1231(a). (*See id*.); and

**WHEREAS**, as this Court advised in its September 12 Order, this Court will not accept a "post hoc justification[] for detention." (ECF No. 5 (citing *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("A court must review the agency's actual on-the-record reasoning process. . . not a post hoc rationalization, or agency counsel's in-court reasoning.")); and

**WHEREAS**, Respondents' newly asserted reliance on the 2023 *in absentia* order as justification for Petitioner's arrest is precisely the kind of post hoc justification for detention that this Court declines to accept. Respondents concede that their basis for detention at the time of the

arrest was the Final Administrative Removal Order and further concede that that Order was entered in error. As such, Respondents necessarily concede that the stated basis for the detention was incorrect; and

**WHEREAS**, even if this Court were to accept Respondents' post hoc justification, the *in absentia* order provides no lawful basis for Petitioner's continued detention; and

**WHEREAS**, once a noncitizen is ordered removed, the Department of Homeland Security must remove them within ninety days. § 1231(a)(1)(A). This "removal period" begins on the latest of: "(1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing § 1231(a)(1)(B)). Where, as here, a removal order is entered *in absentia*, it becomes administratively final immediately upon entry, 8 C.F.R. § 1241.1(e), and thus the removal period begins on that date; and

**WHEREAS**, the Supreme Court in *Zadvydas* construed § 1231(a)(6) to authorize detention only for the period reasonably necessary to accomplish removal and identified six months—including the 90-day mandatory detention period—as a presumptively reasonable period of detention. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); and

**WHEREAS**, the *Zadvydas* presumption of reasonableness does not apply where detention begins years after the removal order became final and after a period at liberty. *See Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018 at *7 (D.N.J. Sept. 9, 2026); and

**WHEREAS**, Petitioner is subject to a final order of removal that was entered *in absentia* on May 25, 2023. Thus, the order became administratively final—and the removal period began—on that date. Therefore, Petitioner is plainly not subject to mandatory detention on such grounds; and

**WHEREAS**, Respondents have identified no efforts made since the date of the final order of removal in 2023 or the date of Petitioner's detention to effectuate removal. Respondents further concede that "the automatic stay of removal triggered by the filing [of] a motion to reopen and the existence of a stay order issued by the Third Circuit. . . materially affect the likelihood of removal in the foreseeable future." (ECF No. 6 at 3 (citing *Palma v. Soto*, No. 26-5679, 2026 WL 1723864, at *3 (D.N.J. June 15, 2026))). As such, Respondents have failed to meet their burden; and

**WHEREAS**, § 1231(a) "does not permit Petitioner's continued detention where removal is not reasonably foreseeable." *Santamaria-Mejia v. ICE*, No. 26-7437, 2026 WL 2018107, at *4 (D.N.J. July 13, 2026); therefore

**IT IS HEREBY** on this 24th day of September, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondents shall release Petitioner (a) in the State of New Jersey or otherwise as close to the place of initial arrest as reasonably practicable; (b) without additional conditions (such as ankle monitors or other electronic tracking devices); and (c) with all personal property seized at the time of arrest, including his passport. Respondents shall promptly file a letter on the docket confirming Petitioner's release in compliance with this Order; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from re-arresting or otherwise detaining Petitioner under § 1231 absent changed circumstances; and it is further

**ORDERED** that if Petitioner's final removal order is vacated and Respondents thereafter

seek to re-detain Petitioner under 8 U.S.C. § 1226(a), they shall afford him a prompt bond hearing within seven (7) days, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225(b), which the Court has found to be inapplicable to him; and it is further

**ORDERED** that any future detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**